### In re GUNTHER.

### In re MANSKE.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

EXECUTORS AND ADMINISTRATORS (§ 487*)—SUPPLEMENTAL ACCOUNTING.

It having been the duty of an administratrix, after modification by the Appellate Division of the surrogate's decree on her final accounting, to obey the decree, and close up the affairs of the estate, which having been done, there would have been little or no expense attending the supplemental account, she, instead of doing so, having attempted to take an unwarranted appeal to the Court of Appeals, may not complain of the decree on her supplemental accounting, whereby she seeks to charge the estate with the expenses of such attempted appeal, and to pay her counsel large additional amounts, which allows her, without any particular penalty, to do what she should long since have done under the original decree.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 487.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the application of Charles Otto Gunther for the revocation of letters of administration granted to Josephine G. Manske, formerly Josephine Gunther, on the goods, chattels, and credits of Otto Gunther, deceased; and also in the matter of the judicial settlement of the supplemental account of Josephine G. Manske, formerly Josephine Gunther, as former administratrix of Otto Gunther, deceased. From a decree on final accounting of said former administratrix, she appeals. Affirmed.

See, also, 121 App. Div. 919, 106 N. Y. Supp. 1136; 124 App. Div. 915, 108 N. Y. Supp. 1140.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and THOMAS, JJ.

Edward C. Graves, for appellant.
Joseph Ullman, for respondents.

WOODWARD, J. Otto Gunther died on the 11th day of October, 1899, leaving a widow, his second wife, and three children, two of them by a former wife and a third by his present widow. On the 29th day of October, 1899, the widow was appointed administratrix of the personal estate. On the 3d day of August, 1903, the administratrix filed her final accounting in the Surrogate's Court, showing

an estate of $105,345.32. Charles Otto Gunther, stepson of the administratrix, filed objections to the account, and after a protracted litigation the learned surrogate overruled all of the objections, and on the 26th day of April, 1906, signed a decree to that effect, to which objections were filed, and subsequently the decree was modified by the Appellate Division, by reducing the compensation of Mr. Graves, the counsel, to $5,000, and by relieving the contestant of the costs of the reference and charging it to the estate, and, as thus modified, affirming the decree. Later this order of modification was resettled. The administratrix appealed to the Court of Appeals, and the appeal was there dismissed. The matter having been thus determined, the contestants demanded the immediate payment of the whole amount due them under the final decree, as modified by the Appellate Division October 17, 1907, and January 18, 1908, and, upon the administratrix failing to comply, steps were taken to remove her and for the appointment of Charles Otto Gunther, resulting in such appointment as administrator de bonis non.

The decree of the Surrogate's Court, as modified by the order of the Appellate Division, found that the administratrix had on hand a cash balance of $19,970.06, with shares of stock in the Bridgeport Gaslight Company valued at $3,700, and she was directed to pay this over to the various persons found by the decree to be entitled thereto. Instead of complying with this portion of the decree, the administratrix held the same, and after she had been removed from office, and on the 2d day of August, 1909, petitioned the Surrogate's Court to judicially settle the account of Josephine G. Manske, formerly Josephine Gunther, as administratrix of the personal estate of Otto Gunther, deceased, including in her account many of the items disposed of on the original accounting, together with some matters which are claimed to have constituted proper charges against the estate. To this final account the contestants raised objections involving each item of the account, and the learned surrogate, after giving consideration to the same, has sustained each objection; the former administratrix appealing to this court.

The learned surrogate, in his findings of fact and conclusions of law, shows that a large portion of the items contained in the supplemental account were embraced in and disposed of upon the original accounting, and these, of course, have no place in a supplemental accounting. He then shows that the former administratrix has failed to charge herself with interest on the sum of $5,543.50, the amount with which her account was surcharged by the Appellate Division, from the date of the order on the 17th day of October, 1907, to the date of her supplemental account; and this, of course, entitles the contestants to relief, and the appellant does not question this item. He then shows that the sum of $500, under date of March 6, 1906, paid to her attorney, was paid before the entry of the final decree on the former accounting, and is not included therein nor allowed thereby, and this could not well constitute a part of a supplemental accounting. Finally he shows that there has been no accretion in the estate in her hands, aside from an item of interest in the sum of

$1,065.06, which grew out of the withholding of the payments due to the several heirs, and which the learned surrogate has permitted to represent the amount which is due to these several persons by reason of such withholding.

With these facts appearing, where is there any escape from the conclusions of law made by the learned surrogate? By far the larger portion of the items in the supplemental account were fully disposed of on the original accounting, and they cannot be reheard; and clearly it would be a strange proceeding to permit the opening of the question of compensation to the counsel in the case after his compensation had been the subject of special consideration in the Appellate Division long after the same was paid by the administratrix.

It was clearly the duty of the administratrix, after the modification of the decree by the Appellate Division (for the appeal to the Court of Appeals was without warrant of law), to obey the decree and to close up the affairs of the estate. Instead of doing this, she took an appeal to the Court of Appeals, and she now seeks to charge the estate with the expense of this attempted appeal, and to pay to her counsel large sums of money in addition to what he has already received. If the estate had been closed up, as the decree directed, there would have been little or no expense attending the supplemental account. All that would have been necessary would have been to show that the terms of the decree had been complied with, and the matter would have been at an end. Having failed to perform this duty, the appellant has little to complain of in a decree which permits her now to do what she should have done a long time ago, without any particular penalty.

The decree appealed from should be affirmed, with costs. All concur.